# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-1129V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
CARY A. JOHNSON,                    *    Special Master Corcoran
                                    *
                                    *    Filed: November 29, 2017
                    Petitioner,     *
        v.                          *    Petitioner's Motion for a Decision;
                                    *    Dismissal of Petition; Vaccine
SECRETARY OF HEALTH                 *    Act; Denial Without Hearing.
AND HUMAN SERVICES,                 *
                                    *
                    Respondent.     *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Anne Carrion Toale*, Maglio Christopher and Toale, Sarasota, FL, for Petitioner.

*Ilene Claire Albala*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

### DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On September 12, 2016, Cary A. Johnson filed a petition seeking compensation under the National Vaccine Injury Compensation Program,[2] alleging that she developed a multitude of neurologic and other injuries as a result of a trivalent influenza vaccination that she received on October 8, 2014.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

After filing medical records between the filing of her Petition and early December 2017, Petitioner filed her second Statement of Completion on December 9, 2016. ECF No. 12. Thereafter, Respondent filed a Rule 4(c) Report on January 27, 2017, contesting Petitioner's right to damages, and requesting dismissal of the claim. ECF No. 14.

On January 30, 2017, Petitioner was instructed to file her expert report on or before March 30, 2017. ECF No. 15. An extension of time for Petitioner to file her expert report was granted (ECF No. 17), and on April 3, 2017, Petitioner filed a Consented Motion to Substitute Attorney Ms. Anne C. Toale in place of Petitioner's initial counsel, Mr. William Ronan, III. ECF No. 18. Thereafter, Petitioner requested several extensions of time – on May 30, 2017 (ECF No. 21), August 28, 2017 (ECF No. 26), and October 26, 2017 (ECF No. 30) – to file her expert report.

A status conference was held on November 6, 2017 for the purpose of inquiring about Petitioner's delay in filing her expert report. Minute Entry, dated November 6, 2017. Petitioner's counsel informed the Court that an expert had reviewed Petitioner's records, and that counsel was waiting on direction from Petitioner on how she would like to proceed in this case. I granted Petitioner's October motion, but informed Petitioner's counsel that another motion for a fourth extension of time would not be favorably received. Thus, Petitioner was given a deadline of December 1, 2017, to file her expert report. Non-PDF Order, dated November 6, 2017.

On November 28, 2017, Petitioner filed the present motion to dismiss her non-table claim, indicating that "an investigation of the facts and science supporting her case has demonstrated to [her] that she will be unable to prove that she is entitled to compensation in the Vaccine Program." *See* Motion for Decision, dated November 28, 2017 (ECF No. 31).

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master